IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCY GWIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 09-527 |
| ) | |
| KYRK A. PYROS, RONALD ) | |
| DEVERESE, THE GEORGE ) | |
| WASHINGTON, LP, PYRSQUARED ) | |
| GROUP, INC., and PYRSQUARED ) | |
| MANAGEMENT CO., INC. ) | |
| ) | |
| Defendants. ) | |

## TEMPORARY RESTRAINING ORDER

Presently before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. The Court held an on-the-record telephone conference with counsel on May 5, 2009. Thereafter, Defendants filed a Response and Brief in Opposition to the Emergency Motion, to which Plaintiff has filed a Reply. After consideration of the briefs and the arguments of counsel and it appearing that Defendants' conduct towards Plaintiff is in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604(f) ('FHAA"), the Court hereby finds that good cause exists for the issuance of a temporary restraining order.

### I.

The Court finds that good cause exists for the issuance of a temporary restraining order because Plaintiff is likely to prevail on the merits of her case, and the facts demonstrate that Plaintiff will suffer immediate, substantial and irreparable injury if a temporary restraining order is not granted. More particularly, we find that:

1. Plaintiff is likely to prevail on the merits because Defendants' actions to eject Plaintiff appear to be unlawfully based on (i) Plaintiff's expressing concern to Defendants about the rights of disabled persons at the George Washington Hotel following events involving tenants TRIPIL

Services (an advocate on behalf of disabled persons and a provider of services to disabled persons), Kathleen Kleinmann (a disabled person and Chief Executive Officer of TRIPIL Services), and Robert Milan (a disabled person) in January and February 2008, and (ii) Plaintiff's association with TRIPIL Services, Kathleen Kleinmann, and Robert Milan; in violation of the FHAA, despite Defendants' referring to what it alleges are lawful reasons for seeking to eject Plaintiff. In other words, the Court finds at this stage of the proceedings that Plaintiff has shown persuasive direct evidence of retaliatory and discriminatory intent based on disability.

**2.** Plaintiff is likely to prevail on the merits because Defendants' conduct, although cloaked in terms relating to violations of leases, appears to be motivated solely from the fact that Plaintiff expressed her concern to Defendants about attempts to evict a fellow disabled tenant (Milan), and the subsequent retaliatory conduct against Kleinmann and TRIPIL.

In particular, we note that Plaintiff first expressed her concern about the treatment of disabled persons in a letter to Defendant Ronald Deverse on February 10, 2008. (Pl. Ex. I, Letter from Lucy Gwin to Ron Deverse, February 10, 2008.) Counsel for Defendants replied to Plaintiff the next day, indicating for the very first time that she must remove her ferrets within seven days, even though employees of Defendants had known for approximately four months that Plaintiff kept ferrets in her apartment. (Pl. Ex. J, Letter from William Weiler, Jr. to Lucy Gwin, February 11, 2008.)

**3.** Plaintiff is likely to suffer irreparable injury in light of the fact that she is disabled. Plaintiff is able to live independently, in part, because of unique modifications to the units; it is likely that the eviction of Plaintiff will result in irreparable injury in part due to the loss of independent living and the use of the unique modifications. If Plaintiff was evicted, it is probable that the existing unit would no longer be available to her if she were ultimately to be successful in this litigation. Finally, Plaintiff is likely to suffer irreparable injury in light of the fact that she has

2

at this stage shown direct evidence of the existence of a discriminatory housing practice that permits an inference of irreparable injury.

**4.** With the inclusion of a condition that Plaintiff deposit with the Clerk of Court the rent owed to Defendants, the Court further finds that Defendants will suffer no harm if this temporary restraining order is issued and that this temporary restraining order will serve the public interest.

## II.

This case comes before us with a disturbingly familiar set of facts. In April 2008, we issued a Temporary Restraining Order in favor of Plaintiffs TRIPIL Services, Kathleen Kleinmann, and Robert Milan, against basically the same Defendants. (See Milan v. Pyros, CV 08-320.) The TRO was followed by a four-day preliminary injunction hearing. Relevant to this case was the fact that Defendants conduct against Ms. Kleinmann and TRIPIL Services only occurred after Defendants had sought to evict Mr. Milan for having a pet. In other words, Defendants took no action against Kleinmann and TRIPIL Services except in retaliation for their support of a disabled person. It appears that Defendants also retaliated against Ms. Gwin solely for her support of disabled persons.

A key difference in this case is the fact that the Defendants in this case brought an action against Plaintiff in the Court of Common Pleas of Washington County designating it as a Landlord-Tenant dispute. Following two days of testimony and evidence the Washington County Court issued an Opinion and Order, in which Ms. Gwin was given sixty days to vacate her apartment. (Pl. Ex. P, Opinion and Order, The George Washington, L.P. v. Lucy Gwin, Docket Number 2008-2412, Court of Common Pleas of Washington County, February 23, 2009.) In that Opinion, the Court stated as follows:

> [I]t must be noted that any other litigation Lucy Gwin may have pending under the Pennsylvania Human Relations Act at No. 200705368 - HUD No. 03-08-0312-8 or under the Federal Fair Housing Amendment Act against this same plaintiff is not the subject matter of this case.

(Id., at 3-4.) The Court reiterated later in that Opinion that "this Court has no jurisdiction to litigate federal statutes." (Id. at 7.) Thus, it is clear that the Federal questions in the instant

3

litigation were never addressed in the Court of Common Pleas; it was the Plaintiff in this case (Ms. Gwin) who raised the federal questions in her defense as the defendant in that case. We note that although the hearing was limited to the contractual issue of whether Ms. Gwin was in violation of her lease, the Court thought it important enough to decide whether Ms. Gwin's ferrets were service animals. The Court found that the ferrets are not service animals. This implies that the Court believed that a service animal is a valid exception to a prohibition against pets in a lease, but did not indicate whether the service animal exception would be enforced under state or federal statute or under the Pennsylvania or United States Constitution. In this regard, the Common Pleas Court's finding that the ferrets were not service animals and that Plaintiff is not disabled could not have been determinations under the FHAA, since the Court specifically stated it was not deciding any FHAA issues. We also note that the Common Pleas Court did not address at all Plaintiff's argument that the Defendants were engaging in unlawful retaliatory conduct in attempting to evict her in violation of the FHAA.

During the telephone conference on May 5, 2009, both sides agreed that the Common Pleas Court erred in determining that it did not have jurisdiction to entertain Plaintiff's claims under the FHAA. While Plaintiff initially sought review in the Superior Court of Pennsylvania to correct this error, she withdrew her appeal when her request for a stay of execution of the Common Pleas Court's eviction order was denied. The denial of her request for a stay meant that she would be evicted before any court would hear her FHAA claims. Thus, she filed suit in federal court. Moreover, although Defendants claim that Plaintiff argued the FHAA claims she asserts here before the Common Pleas Court, that Court specifically stated that these issues were not the subject matter of the case before the Court and that she did not have jurisdiction to hear these issues. Thus, the Common Pleas Court, by its own terms, did not make a determination on the merits of Plaintiff's FHAA issues. In her Reply, Plaintiff now asserts that the Common Pleas Court was correct in declining jurisdiction because Plaintiff had not yet exhausted her administrative remedies under the Pennsylvania Human Relations Act. At this juncture and under these circumstances we

4

conclude that the Anti-Injunction Act does not apply, and neither *res judicata* nor the <u>Rooker-Feldman</u> doctrine applies to issues the Common Pleas Court refused to hear on jurisdictional grounds.

In light of the Washington County Court's finding that Ms. Gwin's ferrets are not service animals, Ms. Gwin has represented to the Court that the ferrets were removed from her apartment as of April 30, 2009. We understand Ms. Gwin's position to be that her ferrets are service animals and that is why she continued to keep them in her apartment. With the state court ruling that the ferrets are not service animals she apparently concedes that she cannot keep them in her apartment. These events, however, do not affect our determination that it appears that Defendants' conduct stemmed from a retaliatory and discriminatory intent based on disability.

### III.

The following order is hereby entered.

AND NOW, this 6th day of May, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' Emergency Motion for a Temporary Restraining Order be and hereby is GRANTED as follows:

1. Defendants shall refrain from engaging in any activity that would threaten, interfere with, or otherwise jeopardize Plaintiff's leasehold and possessory interest in her apartment unit in the George Washington Hotel, 60 South Main Street, Washington, Pennsylvania, 15301.

2. Defendants are restrained and enjoined from executing on the judgment of possession entered by the Court of Common Pleas of Washington County at Docket Number 2008-2412.

3. Defendants are enjoined from engaging in any activity that would interfere with the quiet and peaceful enjoyment of Plaintiff.

4. Defendants are enjoined from changing any term of the lease or from imposing any additional obligations on Plaintiff.

5. Defendants shall refrain from engaging in any conduct that constitutes harassment, retaliation, or other interference with Plaintiff's right to live in the George Washington Hotel, to associate with other disabled individuals, or members of the public, or to use the common areas of the Hotel.

6. This temporary restraining order is conditioned upon Plaintiff posting a bond with the Clerk of Court in the amount of one month's rent, to be posted no later than 5:00 p.m. on May 8, 2009. Plaintiff shall continue to make each monthly rental payment to the Clerk of Court in a timely fashion and otherwise comply with the terms and conditions of her lease.

7. A hearing on Plaintiff's motion for a preliminary injunction is set for Thursday, May 14 2009, at 10:00 a.m., in Courtroom 8A, of the United States Courthouse in Pittsburgh, Pennsylvania.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of record