IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCY GWIN, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 09-527 |
| KYRK A. PYROS, RONALD DEVERSE, THE GEORGE WASHINGTON, LP, PYRSQUARED GROUP, INC., and PYRSQUARED MANAGEMENT CO., INC. | ) |
| Defendants. | ) |

## ORDER

Presently before the Court is Defendants' Joint Motion for Protective Order regarding Plaintiff's request for discovery of Defendants' income tax records and evidence of Defendants' net worth. ECF No. 120. Plaintiff has filed a Response to the Motion and has also filed her own Motion seeking an Order compelling Defendants to comply with her discovery request. ECF No. 121.

Plaintiff seeks to discover information concerning the wealth of Defendants in order to support a request for punitive damages under 42 U.S.C. § 3613(c) of the Federal Fair Housing Act. Plaintiff's Resp. 1-2; see also United States v. Oak Manor Apartments, 11 F.Supp.2d 1047, 1052 (W.D.Ark. 1998)(Financial information concerning owner and management company for apartment building was admissible to allow individualized assessment of whether punitive damages were warranted and in what amount against each defendant for violations of Fair Housing Act). Plaintiff explains that a request for punitive damages is warranted in this case based on the testimony of Melvin Terrell. Defendants do

not dispute that Mr. Terrell's testimony would support a punitive damages instruction. We also note that Plaintiff intends to introduce additional evidence that would support a punitive damages instruction.

Defendants seek a protective order arguing that Plaintiff's discovery request is too late as is comes after the close of discovery and shortly before trial was scheduled. In addition, Defendants argue the request is untimely as Plaintiff knew that Mr. Terrell's testimony in a deposition would support an award for punitive damages because he had executed an affidavit long before the deposition occurred. In the alternative, Defendants argue that Plaintiff's request is premature as it is not certain that a jury instruction on punitive damages would be warranted. Defendants also argue that the discovery request would subject Defendants to annoyance, oppression, and undue burden or expense.

Mr. Terrell did sign an affidavit that includes allegations that Defendants have, *inter alia*, engaged in numerous incidents of harassment allegedly performed in part by Mr. Terrell. However, despite four deposition dates being scheduled Mr. Terrell either failed to appear or refused to testify each time. See Order, Jan. 25, 2011, ECF No. 93. At a December 21, 2010 pretrial conference, Plaintiff's counsel stated that he would seek to admit Mr. Terrell's affidavit at trial even though the parties were unable to depose him. The Court indicated to counsel that without Defendants having an opportunity to cross-examine Mr. Terrell about the contents of the affidavit such a request would likely be denied.

With trial set to begin on February 28, 2011, we ordered Mr. Terrell to appear before the Court on February 3, 2011, to show cause as to why he should not be held in contempt of

Court for failing to obey our prior Order to appear and testify at a deposition. Mr. Terrell appeared for the hearing at which time he agreed to be deposed by counsel. The deposition occurred that same day.

In light of the above chronology we see no merit in Defendants' arguments that Plaintiff's discovery request is too late as any request Plaintiff would have made prior to obtaining Mr. Terrell's testimony would likely have been premature. Now that Mr. Terrell's testimony has been secured, we also fail to see how Plaintiff's discovery request is premature. Regardless of any eventual ruling on a punitive damages instruction the information sought is clearly relevant to an award of punitive damages. The material must be turned over in a timely manner so that in the event that a jury instruction is warranted there will be no delay in the jury proceedings. We also see no merit to Defendants' bare allegation that the production of fairly limited documentary evidence would cause annoyance, embarrassment, oppression or under burden or expense. We will therefore deny Defendants' motion for a protective order and grant Plaintiff's motion to compel.

Although Defendants do not rely on it to support their motion for a protective order, we note that Defendants have filed a motion in limine seeking to preclude some of Mr. Terrell's testimony that, if granted, would arguably strengthen Defendants' argument that a punitive damages instruction would not be warranted. However, by separate Order we will deny Defendants' motion in limine and allow Mr. Terrell's testimony to be admitted.

Accordingly, the following Order is hereby entered.

AND NOW, this 8th day of April 2011, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Defendants' Joint Motion for Protective Order (ECF No. 120) be and hereby is DENIED.

2. Plaintiff's Motion to Compel (ECF No. 121) be and hereby is GRANTED. Defendants are hereby Ordered to comply with Plaintiff's discovery request for financial information and produce the same to Plaintiff's counsel within fourteen days of the date of this Order.

IT IS FURTHER ORDERED that the discovery is reopened only for the limited purposes set forth in this Order.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of Record